Case No. 23-13411

―――――――――――

IN THE ELEVENTH CIRCUIT

OF THE

FEDERAL COURT OF APPEALS

―――――――――――

**IN RE CHRISTINE SCOTT**

―――――――――――

**NOTICE OF VOID ORDER DENYING *IN FORMA PAUPERIS***

―――――――――――

Pro Se Litigant Christine Scott

212 E. Hillsboro Blvd. #212, Deerfield Beach, FL 33441

misschristinescott@hotmail.com

Pro se litigant, Christine Scott ('Scott'), hereby files this Notice of Void Order, and states the following:

On Jan. 4ᵗʰ, 2023, Judge Jordan filed a 5-page order, *which is void due to lack of jurisdiction*, erroneously denying Scott's *in forma pauperis* motion ('IFP') (Doc. 7-2, A1R1[1]), which was filed in this instant case which is before Circuit Justice Thomas and *only* Justice Thomas; therefore Judge Jordan was without subject-matter jurisdiction which prevented him from having the authority to rule in the case. (see the two immediate images below)

---

[1] A1R1 = Appendix 1, Record 1 -- This format will be used throughout this document.

In the

# United States Court of Appeals

### For the Eleventh Circuit

---

No. 23-13411

---

In re: CHRISTINE SCOTT,

Petitioner.

---

On Petition for Writ of Mandamus

---

ORDER:

Christine Scott, proceeding *pro se*, has filed a petition for writ of *certiorari* and a mandamus petition, which this Court construes together as a mandamus petition. She also moves for leave to proceed *in forma pauperis* ("IFP"). Scott alleges election fraud and

23-13411             Order of the Court                    5

Supreme Court. This Court has no authority to suspend the rules of the U.S. Supreme Court or grant *certiorari*. Fed. R. App. P. 1(a)(1), 2; U.S. Sup. Ct. R. 11.

Accordingly, Scott's IFP motion is hereby **DENIED**, as her mandamus petition is frivolous.

---

UNITED STATES CIRCUIT JUDGE

Scott notices related facts and law immediately below as well throughout this

document.

Judge Jordan does not and never has had jurisdiction in Scott's case which was filed as an Application to Circuit Justice Thomas, who, based on his seat as an associate justice of the supreme court, is the presiding justice over the 11th Circuit of the United States Court of Appeals, and in such this particular case, since Scott's Application was properly filed to the circuit justice within the 11th Circuit, which holds federal jurisdiction over Florida cases and specifically application to the circuit justice of the circuit within which Scott resides.

### Nonexistent Jurisdiction

However sincere and well-intentioned may be the judge, an attempt, by any court, to exercise a **nonexistent jurisdiction** is an exceptional circumstance of import most grave…. A court's **attempted exercise of power clearly beyond its charter violates its very raison d'être**[2]. *U.S. v. Boe,* 543 F.2dd 151, 158, 159 (C.C.P.A. 1976)

**"(W)hen jurisdiction is clearly lacking, further proceedings cannot be permitted[3]"** *U.S. v. Boe,* at 158, 159

### Treason

**Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason**. *U.S. v. Will*, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)
**Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. <u>The judge is engaged in acts of treason</u>. The U.S. Supreme Court has stated that "no state legislator or**

---

[2]Emphasis added
[3]Emphasis added

**executive or judicial officer can war against the Constitution without violating his undertaking to support it".** See also *In Re Sawyer*, 124 U.S. 200 (188); *U.S. v. Will*, 449 U.S.200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); ***Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821)**. *Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958)

Scott's application and subsequent mandamus do not qualify as frivolous because her complaint has an arguable basis in law and fact, and because it relies on merit-based legal theory.

### Frivolous

A complaint is "frivolous" if it lacks an arguable basis in law or fact, and a complaint lacks such a basis if it relies on an indisputably meritless legal theory. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999); 28 U.S.C.A. § 1915(e)(2)(B)

Judge Jordan's Order dismissing Scott's *in forma pauperis* and declaring her mandamus as frivolous is void, in part, based on his lack of jurisdiction to hear the case, Scott's right to due process, a fair trial and access to the court. Nonetheless, Scott notices that even if Judge Jordan had had jurisdiction over this instant case, which he does not and never has, Scott's application, mandamus and lower court pleadings all rely on merit-based legal theories which contain multiple bases in law and fact.

### Void Order

... the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that **a law repugnant to the constitution is void**, and that courts, as well as other departments, are bound by that instrument." "In declaring what shall be the supreme law of the land, the Constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the Constitution, have that rank". **"All law (rules and practices) which are repugnant to the Constitution are VOID"**. Since the 14th Amendment to the Constitution states "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive

any citizens of life, liberty, or property, without due process of law, ... or equal protection under the law", **this renders judicial immunity unconstitutional**. *Marbury v. Madison*, 5 U.S. (2 Cranch) 137, 180 (1803) Under Federal law which is applicable to all states, the U.S. Supreme Court stated that **if a court is "without authority, its judgments and orders are regarded as nullities**. They are not voidable, but **simply void**; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and **all persons concerned in executing such judgments or sentences**, **are** considered, in law, as **trespassers**." *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

**A void judgment or decree is regarded as a nullity.** *Caudell v. Leventis*, 43 So. 2d 853 (Fla. 1950A void order has no force or effect and is a nullity. *Lance Block, P.A. v. Searcy, Denney, Scarola, Barnhart & Shipley, P.A*., 85 So. 3d 1122 (Fla. 1st DCA 2012)

The state judge, Judge Marsh, trespassed on the law when he did not follow the law in Scott's Leon County Circuit Court Contest of Election filed in a timely manner, filed in 2022.

The state judge, Judge Smith, trespassed on the law when he did not follow the law in Scott's Leon County Circuit Court Contest of Election filed in a timely manner, filed in 2020.

Florida's First District Court of Appeals trespassed on the law by refusing to hear Scott's appeals, timely filed, relating to the 2020 and 2022 Contests of Elections, with the effect of making such orders void.

Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). **When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders** are not voidable, but **VOID, and of no legal force or effect**. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States. Scheuer v. Rhodes, 416 U.S. 1683, 1687 (1974)

**Courts cannot ignore fraudulent conduct which is purposefully done to foul the election or corrupt the ballot.** See Wilson v. Revels, 61 So. 2d 491 (Fla. 1952)

Judge not only must be free of evil intent but he must also avoid appearance of evil. *Aetna Life & Cas. Co v. Thorn,* 319 So. 2d 82 (Fla. 3d DCA 1975)

**Courts must interfere with an election process when the will of the people is affected by the wrongful conduct.** See Boardman v. Esteva, 323 So. 2d 259 (Fla. 1975), cert. denied, 425 U.S. 967, 48 L. Ed. 2d 791, 96 S. Ct. 2162 (1976); Gilligan v. Special Road & Bridge District, 74 Fla. 320, 77 So. 84 (1917).

**Primary consideration in an election contest is whether the will of the people has been effected.** *Flack v. Carter*, App. 1 Dist., 392 So.2d 37 (1980).

Courts cannot ignore [that which] would change the outcome of the election. *Bolden v. Potter,* 452 So. 2d 564 (Fla.1984)

If court finds substantial noncompliance with statutory election procedures and makes factual determination that reasonable doubt exists as to whether a certified election expressed the will of the voters, then **court must void contested election even in the absence of fraud or intentional wrongdoing**. *Beckstrom v. Volusia County Canvassing Bd.*, 707 So.2d 720 (1998)

Scott's Leon County Contest of Election, upon which this application turned into a mandamus presumably under Circuit Justice Thomas' authority, put indisputable evidence into the record proving 'substantial noncompliance by election officials caused by wrongdoing, (which) results do not reflect voters' will'. See *Beckman* (below) When Florida courts refused to hear the case(s) (both in 2020 and 2022), Scott was went with no choice but to file an application with the Supreme Court Associate Justice within the 11th Circuit, the Honorable Justice Clarence Thomas.

Court cannot sustain election, if there was substantial noncompliance by election officials caused by intentional wrongdoing, if results do not reflect voters' will. *See Beckstrom v. Volusia County Canvassing Board,* 707 So. 2d 720 (Fla. 1998)

There is no time limitation on setting aside a void judgment – it may be collaterally attacked at any time. M.L. Builders, Inc v. Reserve Developers, LLP, 769 So. 2d 1079, 1082 (Fla. 4th DCA 2000)

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Christine Scott — PETITIONER

vs.

Ronald DeSantis et al— RESPONDENT(S)

APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING REVIEW OF PETITION
FOR A WRIT OF CERTIORARI, UNDER SUPREME COURT RULE 11 & 22, FEDERAL
RULES OF APPEAL, RULE 2, AND 11TH CIR. R. 2-1

FLORIDA LEON CIRCUIT COURT – CASE STILL OPEN BUT APPEARS CLOSED,
WHICH BLOCKS IT FROM MOVING FORWARD OR BEING HEARD

## I.  JUSTICE THOMAS HAS SOLE JURISDICTION TO HEAR AN APPLICATION FILED TO HIM WITHIN HIS CIRCUIT

1. Scott does not waive her rights - jurisdictional or otherwise - to have her

> Waivers of Constitutional Rights, not only must they be voluntary, they must be knowingly intelligent acts done with sufficient awareness. *Poindexter v. Greenhow*, 114 U.S. 270, 303 (1885). *Brady v. U.S.*, 397 U.S. 742, 748, (1970)

application *and subsequent petition for writ of mandamus filed within the*

*same case* heard by Supreme Court Associate Justice Thomas under his

authority as Circuit Justice for the 11th Circuit of the United States, who has

sole jurisdiction to hear Scott's case.

> In accordance with 28 U.S. Code § 41 – Number and composition of circuits 'The thirteen judicial circuits of the United States are constituted as follows… Eleventh | Alabama, **Florida**, Georgia.'[4]

> In accordance with 28 U.S. Code § 42 – Allotment of Supreme Court justices to circuits 'The Chief Justice of the United States and the **associate justices of the Supreme Court shall** from time to time **be allotted as circuit justices among the circuits** by order of the Supreme Court…'

> In accordance with 28 U.S. Code § 43 - Creation and composition of courts '(a) There shall be in each circuit a court of appeals, which shall be a court of record, known as the United States Court of Appeals for the circuit. (b) …**The circuit justice…shall be competent to sit as judge() of the court**.'[5]

---

[4] Emphasis added
[5] Emphasis added

2.  A Circuit Justice has the authority to grant certiorari before judgment because he holds the authority of a United States Supreme Justice and such authority lies within the Supreme Court's jurisdiction.

3.  Scott's application requested that Circuit Justice Thomas grant Scott the right to file a petition for writ of certiorari, which is not a frivolous request of the court.

    a.  Scott had attempted to address the matter in the lower court, but found said court so corrupt that a fair trial proved impossible, a fate also proven true at the state's district court of appeals level.

    b.  Scott found that the lower court system, including the clerks, was compromised to such a degree that they had proven Scott had no choice but to give up or move past the corruption to a court that could and would lawfully, and without bias, hear the case; in such Scott filed the application to Justice Thomas, in this instant case.

    c.  Because of the emergency nature of the case, as well as the imperative public importance, based on national security, election fraud – both domestic and foreign – and widespread conspiratorial treason, her case was not only *not* frivolous but was urgently necessary.

    > *'Only upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination in this Court.'*
    > Supreme Court, Rule 11

> *'The public interest in a speedy determination must be exceptional...to warrant skipping the court of appeals in this fashion.'* Supreme Court Practice

*d.* The matter brought before Justice Thomas was of the utmost importance *and* time was of the essence[6].

*e.* Due to the breadth of knowledge Scott has on election fraud based on hard evidence she had uncovered; it could be considered an act of aiding the enemy if she had not filed her claim with a higher court.

    i. Back in 2019, at least two of Florida's Supreme Court deputy clerks conspired with a Leon County clerk and judge to block Scott's election interference filing from being heard in a timely manner, which evidenced that Scott could not rely on even Florida's highest court to have the ability to fairly hear or even be aware of the case, *even if filed within said court,* which necessitated the filing in a higher court.

        1. Scott has more recently experienced additionally disturbing misconduct by the Florida Supreme Court deputy clerks, which has blocked Scott's access and interfered with her ability to receive a fair trial and, in

---

[6] See scotusblog.com/2022/01/the-rise-of-certiorari-before-judgment/

such, her due process rights, which are constitutionally protected rights that may not be taken from her.

ii.   Scott had also found the federal district courts within the 11th Circuit to be compromised, which again forced her hand to file an application with a United States Justice.

iii.   Scott had properly filed a Petition for Writ of Certiorari with the United States Supreme Court, on or about Dec. 26, 2020, regarding election fraud, Under Rule 11, but the Supreme Court Clerk *returned* it to her before being put on the calendar for conference, even though the filing was legally sufficient and properly filed (10 copies, proper formatting, all motions attached in proper order, etc.) under Rule 11, to be brought before the Supreme Court for conference.

   1.   The Supreme Court Clerk did not have the legal authority to refuse to put Scott's case into conference so that the supreme court justices could determine whether they wanted to hear it.

iv.   Scott was seeking a non-bias clerk in an appropriate court, that would put the case before the justices, or in this case, the appropriate justice, Justice Thomas due to his standing as both

an Associate Supreme Court Justice and the Circuit Justice for

the 11th Circuit; Scott believed she not only had the right to file

her application in the 11th Circuit to Justice Thomas since it is

within the capacity as a circuit justice that Justice Thomas holds

the authority and jurisdiction to hear applications brought

before him in his capacity as Circuit Justice of the 11th Circuit,

but also that she may be able to actually get the case before the

justice.

    1. If considered solely on its own merits, Scott had no

       personally-experienced reason to believe the 11th Circuit

       Court clerk would be corrupt, bias and/or unfair in

       presenting the case to Circuit Justice Thomas, nor that the

       11th Circuit Court was an improper court for such an

       application to be filed, nor that the court – or clerk

       serving that court - was corrupt.

*4.* In accordance with 28 U.S. Code § 43, Circuit Justice Thomas has venue

jurisdiction over the case, even if Scott filed it in the 11th Circuit instead of

the United States Supreme Court because **'(t)he circuit justice...shall be**

**competent to sit as judge of the court of appeals *within his circuit*.'**

    *a.* The neglect of the clerk or inferior judges within the circuit to acknowledge the 11th Circuit Justice's formal position within the circuit does not negate the authority and jurisdictional rights of the justice, nor Scott's right to file an application to that justice.

5. Even if Circuit Justice Thomas had not been available, the jurisdiction of the case would not have defaulted to Judge Jordan.

    *a.* The proper succession of order 'if the appropriate Circuit Justice is unavailable for any reason (which would include recusal) would 'be distributed to the Justice then available who is next junior to the Circuit Justice…' See Supreme Court Rule 22.4

6. Judge Jordan does not have jurisdiction in this instant case; jurisdiction cannot be relinquished to him by Scott or assumed by Judge Jordan, or given to him by the 11th Circuit Clerk.

> 'If an application is denied by the Justice to whom it is initially submitted…the party making the application…may renew it to any other Justice.' West's Federal Forms, Supreme Court, Sections 161 to 340. Boskey. Volume 1A. 5th Edition. 1998. See Supreme Court Rule 22.4.

> Supreme Court Rule 22.4:

> 4. A Justice denying an application will note the denial thereon. Thereafter, unless action thereon is restricted by law to the Circuit Justice or is untimely under Rule 30.2, the party making an application, except in the case of an application for an extension of time, may renew it to any other Justice, subject to the provisions of this Rule. Except when the denial is without prejudice, a renewed application is not favored. Renewed application is made by a letter to the Clerk, designating the Justice to whom the application is to be directed, and accompanied by 10 copies of the original application and proof of service as required by Rule 29.

7. Since Judge Jordan lacks authority to hear a case that is not before him, Judge Jordan's order denying Scott's Motion to Proceed In Forma Pauperis is void.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that **if a court is "without authority, its judgments and orders are regarded as nullities**. They are not voidable, but **simply void**; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and **all persons concerned in executing such judgments or sentences**, **are** considered, in law, as **trespassers**." *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

8. The passage found in Supreme Court Rule 22.4 allows for 'any other (Supreme Court Circuit) Justice' to hear the case, *if* denied by the Circuit Justice to whom (the application) is initially submitted', jurisdiction does not randomly fall to any other judge with the inclination or will to take over the case; *and* the case cannot be transferred to *any* other justice until <u>after</u> the application has been denied by the Justice to whom the application was initially submitted; Scott's application has not been denied.

*a.* The application is not before Judge Jordan, *nor* has it ever been.

*b.* Even if Justice Thomas had denied Scott's application, it would be 'any other (supreme court) justice' to whom Scott could resubmit the application[7]; still disqualifying Judge Jordan from acting in any official judicial capacity in the case.

**Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. <u>The judge is engaged in acts of treason</u>. The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it".** See also *In Re Sawyer*, 124 U.S. 200 (188); *U.S. v. Will*, 449 U.S.200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); ***Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821)**. *Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958)

9. The authority to 'sit as judge of the court', per 28 U.S. Code § 43, given to an associate justice of the supreme court acting as circuit justice does not translate into an inferior judge of the court gaining authority to act as a circuit justice of the court; the attempt to do so, by Judge Jordan, was without authority or jurisdiction, depriving Scott of due process.

10. The jurisdiction granted to a Supreme Court Justice over a regional circuit is unique giving the circuit justice a forum to hear cases brought before the 11th Circuit, thereby granting Scott the ability to file the application within the

---

[7]Per Supreme Court, Rule 22.4

11th Circuit. (see 28 U.S. Code § 43 'The circuit justice…shall be competent to sit as judge() of the court.')

11. Scott filed the application within the proper forum.

12. Scott filed in the circuit within which Justice Thomas oversees applications, in accordance with Rule 22, paragraph 1 of the Supreme Court. (see below screenshot of Rule 22, paragraph 1 of the United States Supreme Court, Rules of the Supreme Court of the United States, effective Jan. 1, 2023[8])

> **Rule 22.  Applications to Individual Justices**
>
>     1. An application addressed to an individual Justice shall be filed with the Clerk, who will transmit it promptly to the Justice concerned if an individual Justice has authority to grant the sought relief.

13. Scott's reading of Rule 22 was that she could, or perhaps should, file the application to Justice Thomas, with the clerk, within the Circuit Court that the justice oversees, since that is the link giving the justice the jurisdiction to hear the case.

14. For the sake of argument, even if Scott misconstrued the proper venue to file the application (ie. in the United States Supreme Court rather than the 11th Circuit), Judge Jordan would *not* have gained jurisdiction over the case; if

---

[8] https://www.supremecourt.gov/filingandrules/2023RulesoftheCourt.pdf

misfiled in the wrong court *or* if the 11ᵗʰ circuit is inconvenient for Supreme Court Associate Justice *and* Circuit Justice Thomas, the case should have been transferred to the Supreme Court, for convenience, rather than dismissed.

**a.** **Scott's Application to Justice Thomas has *not* been denied.**

**b.** It appears likely Judge Jordan is attempting to illegally interfere in Scott's case to establish a strike against Scott *by erroneously claiming she filed a frivolous suit*, based on a 'three strikes' policy Scott believes is established within the 11ᵗʰ Circuit; if this be the case, Judge Jordan is illegally using his position as a trusted servant *as a weapon* against Scott in an attempt to block her from further filing, even though Scott's filings are legally sufficient and based on fact and law – this illegal targeting against Scott by Judge Jordan violates his oath of office to support and defend the United States Constitution, as well as Scott's constitutional rights to due process, a fair trial before an impartial judge *and* access to the courts.

    i. If Judge Jordan is violating the law under a false pretense of authority, he should be brought before the proper authorities to address his misconduct.

*c.* *Forum non conveniens* refers to a court's discretionary power to decline to exercise its jurisdiction where another court, or forum, may more conveniently hear a case...*Even if* a plaintiff brings a case in an inconvenient forum, a court will not grant a forum non conveniens dismissal unless there is another forum that could hear the case and potentially recover damages[9].

   i. Scott's application relates to election interference that occurred in Florida.

   ii. The 11th Circuit addresses Florida cases.

   iii. 11th Circuit Justice Thomas can hear cases in the 11th Circuit.

   iv. For the sake of argument, even if the case were in an inconvenient forum, the court could only grant a forum non conveniens dismissal if another forum could hear the case and potentially recover damages. In such, Judge Jordan, even *if* he had had jurisdiction to hear the case, which he did not, he should have transferred it to a proper venue; in this case, the Supreme Court.

---

[9] Forum Non Conveniens, law.cornell.edu

15. Scott believes it is possible the 11th Circuit Clerk had an administrative authority to transfer the case to Justice Thomas within the Supreme Court, since the clerk's duty is merely administrative and since Justice Thomas oversees the 11th Circuit.

16. There is an argument that the 11th Circuit acts as a satellite office for applications assigned to an associate supreme court justice overseeing a particular circuit as mandated by the Rules of the Supreme Court, and in the capacity of Circuit Justice base on the authority given to him as an Associate Supreme Court Justice of the United States.

17. Only 11th Circuit Justice Thomas has jurisdiction over, and in such authority to act, in Scott's case, due to the fact that Scott filed an Application to the Circuit Justice of the 11th Circuit.

18. Scott's Motion to Proceed In Forma Pauperis ("IFP") was filed within the case in which she filed the Application to Justice Thomas.

19. The IFP is not a separate case, and in such, a lower court judge may not take a filing from within a case for a higher court or Justice and deem himself to have jurisdiction over that one particular aspect of another judge's case.

20. Judge Jordan's order denying Scott's IFP motion is void because Judge Jordan does not have the jurisdiction, and therefore the authority, to rule on a

case strictly and solely assigned to Circuit Justice Thomas. (see *Elliot v. Piersol*)

21. It violates Scott's constitutional right to due process, to a fair trial and access to the court if and when Judge Jordan or any other judge, who is without authority in this instant case, to rule in the case, since the case is before Justice Thomas.

The court has a responsibility to protect any and all of Plaintiff's constitutional and statutory rights. *See United States v. Lee,* 106 US 196, 220 (1882)

22. The only way jurisdiction can change, in this case, is if Circuit Justice Thomas chooses not to hear the case independent of the other supreme court justices and instead puts the case before the entire body of the supreme court, which would extend jurisdiction to the supreme court justices in their entirety, but *not* to Judge Jordan, or any other judge.

23. A circuit court judge cannot usurp jurisdiction over an application filed with a circuit court justice, filed within said justice's circuit.

24. Under no circumstances does Scott waive jurisdiction.

25. The sole authority, of case 23-13411, belongs to Justice Thomas, unless and/or until a time comes that he should choose to transfer the case to the Supreme Court justices, as a whole.

26. Judge Jordan may not supersede Circuit Justice Clarence Thomas'

jurisdiction, because he is without authority to do so.

27. A judge may not act in a case where he/she does not have jurisdiction.

28. Because Judge Jordan did not have jurisdiction over Scott's case, he did not

have the authority to deny her Motion to Proceed In Forma Pauperis.

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

**II.  PETITIONER SCOTT'S CASE PROPERLY FILED BEFORE JUSTICE THOMAS: SCOTT PROPERLY FILED THE APPLICATION TO JUSTICE THOMAS IN THE 11TH CIRCUIT BECAUSE HE IS THE JUSTICE WHO OVERSEES SAID CIRCUIT AND IN SUCH GRANTS JUSTICE THOMAS ULTIMATE AUTHORITY IN AND JURISDICTION OVER THE 11TH CIRCUIT APPLICATION FILED BY SCOTT,  BECAUSE SCOTT IS ADDRESSING JUSTICE THOMAS IN HIS CAPACITY AS 11TH CIRCUIT JUSTICE, A CAPACITY THAT EXISTS SOLELY DUE TO THE EXISTENCE OF 1) THE 11TH CIRCUIT,  2) JUSTICE THOMAS HOLDING THE POSITION AS CIRCUIT JUSTICE OF THE 11TH CIRCUIT, (3) WHICH WAS ASSIGNED TO CIRCUIT JUSTICE THOMAS RESULTING DIRECTLY FROM HIS STANDING AS AN ASSOCIATE JUSTICE OF THE UNITED STATES SUPREME COURT, (4) WHO SPECIFICALLY AND SOLELY HAS THE JURISDICTION AND AUTHORITY TO OVERSEE 11TH CIRCUIT APPLICATIONS RELATING TO FLORIDA, AND (5) BECAUSE SCOTT'S APPLICATION ORIGINATES OUT OF FLORIDA**

29. In accordance with the scotusblog.com, 'A circuit justice is primarily responsible for emergency requests (for example, an application…) from the geographical area covered by his or her circuit.'[10]

30. Justice Thomas oversees the 11th Circuit Court of Appeals of the United States Federal Court of Appeals.

31. The 11th Circuit Court of Appeals of the United States Federal Court of Appeals ("11th Circuit") consists of Florida, Georgia and Alabama.

---

[10] https://www.scotusblog.com/2018/10/court-issues-new-circuit-assignments/

32. Due to the fact that Scott filed her application to Justice Thomas in his official capacity as the Circuit Justice for the 11th Circuit based on his standing as the Associate Justice of the United States Supreme Court and Scott's case stemming out of Florida, Scott properly filed with her case, directed to Justice Thomas, in the 11th Circuit.

33. While it is clear that Justice Thomas' primary work address is: Supreme Court of the United States, 1 First Street, N.E., Washington, DC 20543, it is equally clear that Justice Thomas is the correct supreme court associate justice to whom Scott would file an application due to Justice Thomas' standing as the 11th Circuit Justice, which implies that the 11th Circuit is a satellite office for Justice Thomas meaning Scott appropriately filed an application to Justice Thomas in his satellite office based on the above criteria.

34. Scott believes she properly filed the application to Justice Thomas in his satellite office because it is due to Justice Thomas' position within the satellite office that Justice Thomas gains standing and authority to hear Scott's application.

35. On or about Oct. 17, 2023, Scott filed an 'APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING REVIEW OF PETITION FOR A WRIT OF CERTIORARI, UNDER SUPREME COURT RULE 11 AND 22,

FEDERAL RULES OF APPEAL, RULE 2, AND 11TH CIR. R. 2-1' (see

A1R2: APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING

REVIEW OF PETITION FOR A WRIT OF CERTIORARI, UNDER

SUPREME COURT RULE 11 AND 22, FEDERAL RULES OF APPEAL,

RULE 2, AND 11TH CIR. R. 2-1', Doc. 1-2, filed on 10/17/23, pgs. 1-7 and

36-38) (herein known as "Application to Justice Thomas" or "Application")

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Christine Scott — PETITIONER

vs.

Ronald DeSantis et al— RESPONDENT(S)

APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING REVIEW OF PETITION FOR A WRIT OF CERTIORARI, UNDER SUPREME COURT RULE 11 & 22, FEDERAL RULES OF APPEAL, RULE 2, AND 11TH CIR. R. 2-1

FLORIDA LEON CIRCUIT COURT – CASE STILL OPEN BUT APPEARS CLOSED, WHICH BLOCKS IT FROM MOVING FORWARD OR BEING HEARD

36.On or about Oct. 23, 2023, Scott received email notification of a 2-page

letter dated Oct. 23, 2023 (black ink) with a filing date of Oct. 17, 2023

(blue ink) (see image below; see A1R3: LETTER TO CHRISTINE SCOTT FROM THE LETTER HEAD OF DAVID J. SMITH, CLERK OF COURT, UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, 2 PAGES)

USCA11 Case: 23-13411    Document: 1-1    Date Filed: 10/17/2023    Page: 1 of 2

## UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 23, 2023

Christine Scott
212 E HILLSBORO BLVD STE 212
DEERFIELD BEACH, FL 33441

Appeal Number:  23-13411-H
Case Style:  In re: Christine Scott
District Court Docket No:  2022-CA-002105

Your petition for a writ of mandamus has been filed, but will not be considered or acted upon by the Court pending correction of the deficiency or deficiencies listed below:

37. Scott assumed the letter from the clerk came from the instruction of Circuit Justice Thomas since (1) he is assigned to the case and (2) there is no other judge or justice with the jurisdiction or authority to rule in the case.

38. Since Scott filed an application, not a petition for writ of mandamus, Scott concluded Justice Thomas had chosen to implement Rule 2(a) of the Federal Rules of Appellate Procedure, Suspension of Rules (see image below),

which states, 'In a Particular Case. On its own or a party's motion, **a court of appeals may** – to expedite its decision or for other good cause – **suspend any provision of these rules in a particular case and order proceedings as it directs**…' and in such instructing the clerk to write the letter to Scott which would grant Scott's application and instruct her to file a petition, with the specific alteration of switching the subsequent document to be as a Petition for Writ of Mandamus instead of a Petition for Writ of Certiorari. To this end and for the reasons stated above, Scott's subsequent filing was constructed to meet the 30-page criteria of a Petition for Writ of Mandamus, instead of the commonly subsequent 40-page Petition for Writ of Certiorari.

## Rule 2. Suspension of Rules

(a) **In a Particular Case.** On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b).

39. Scott followed the instructions from the clerk which she believed were presented on behalf of Justice Thomas, due to the fact that the case was before Justice Thomas and that under Rule 2, the court's choice to order a petition for writ of mandamus rather than a petition for writ of certiorari made sense and was within the authority of the justice.

40. Scott did not waive her right to have her application before Justice Thomas nor did Scott relinquish the justice's control over the case to a judge, nor does Scott believe she has the ability to do so, just as a lower court judge does not have the authority to supersede the authority of a higher court justice.

### III.  FACTUAL POINTS OF REFERENCE

### A.  JUDGE JORDAN'S VOID ORDER ERRONEOUSLY ALLEGED SCOTT'S *APPLICATION TO JUSTICE THOMAS* WAS A PETITION FOR WRIT OF CERTIORARI

41. On Page 1, of Judge Jordan's void Order (Doc. 7-2, dated Jan. 4, 2024), he erroneously alleges that 'Christine Scott, proceeding *pro se,* has filed a petition for writ of *certiorari* and a mandamus petition...'

    *a.* Judge Jordan's claims are false.

    *b.* Scott did not file a Petition for Writ of Certiorari.

    *c.* Scott filed an 'APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING REVIEW OF PETITION FOR A WRIT OF CERTIORARI, UNDER SUPREME COURT RULE 11 AND 22, FEDERAL RULES OF APPEAL, RULE 2, AND 11TH CIR. R. 2-1' ("Application to Justice Thomas" or "Application"). (see image below)

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Christine Scott — PETITIONER

vs.

Ronald DeSantis et al— RESPONDENT(S)

APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING REVIEW OF PETITION
FOR A WRIT OF CERTIORARI, UNDER SUPREME COURT RULE 11 & 22, FEDERAL
RULES OF APPEAL, RULE 2, AND 11TH CIR. R. 2-1

FLORIDA LEON CIRCUIT COURT – CASE STILL OPEN BUT APPEARS CLOSED,
WHICH BLOCKS IT FROM MOVING FORWARD OR BEING HEARD

*d.* Judge Jordan's accusation is a false fact which was then used to injure

Scott by way of her Constitutional rights to due process, a fair trial

and access to the courts.

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." *Davis v. Wechsler*, 263 US 22, 24 (1923)

## B.  AN APPLICATION CONSTRUED AS A MANDAMUS INSTEAD OF A CERTIORARI UNDER FRAP RULE 2 AND/OR  11TH CIRCUIT RULE 2-1 IS WITHIN A JUSTICE'S PREROGATIVE

42. At the bottom of page 1 of Judge Jordan's void order, he asserts that '...this Court construes together (Scott's application (erroneously referred to, by Judge Jordan, as a 'Petition for Writ of Certiorari') and mandamus) as a mandamus petition.'

   *a.* Judge Jordan has no authority to 'construe' anything in Scott's case because he is not presiding over the case; hence he does not have the authority or jurisdiction to take any action in the case.

      i.  Scott's case is before Circuit Justice Thomas *only*.

      ii. Judge Jordan may not usurp *nor attempt to* usurp Justice Thomas' case, authority or jurisdiction.

   *b.* Scott filed an application to Justice Thomas, which the clerk then ordered Scott to file as a petition for writ of mandamus; this is not an action Scott took on her own accord, but rather under the instruction of Clerk Smith of the 11th Circuit, whom Scott believed was acting under the instruction of Justice Thomas.

      i.  Scott made the assumption that the clerk was acting under the instruction of Justice Thomas because anything less would be fraud and likely construed as an act of treason because the clerk would be attempting to usurp the authority of a justice, since it would be an attempt to usurp the authority of the judicial branch *under which this country operates*.

*c.* Scott believed the clerk had made a scrivener's error when claiming Scott's 'application' was a 'petition for a writ of mandamus', an unintentional mistake in the drafting of the document, since Scott's application was clearly titled on the first page of the document as an application to Justice Thomas. (see image below for scrivener's error; see image above for the first page of Scott's application to Justice Thomas)

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 23, 2023

Christine Scott
212 E HILLSBORO BLVD STE 212
DEERFIELD BEACH, FL 33441

Appeal Number: 23-13411-H
Case Style: In re: Christine Scott
District Court Docket No: 2022-CA-002105

Your petition for a writ of mandamus has been filed, but will not be considered or acted upon
by the Court pending correction of the deficiency or deficiencies listed below:

*d.*  Scott believed the clerk had intended to write, 'Your <u>application</u> has

been filed <u>and is being interpreted as a petition for writ of mandamus</u>,

but will not be considered or acted upon by the Court pending

correction of the deficiency or deficiencies listed below'

    i.  Scott made this assumption because a justice can interpret an

       application as a petition for writ of certiorari.

    ii.  When FRAP Rule 2 and/or 11th Circuit Rule 2-1 are applied, the

       justice has the ability to suspend an application he/she might

       typically construe as a petition for writ of certiorari; instead,

       construing the application as a petition for writ of mandamus,

which is what Scott believed had been the intention of Justice

Thomas, from whom Scott believed the directive stemmed.

iii.  Armed with the above facts, Scott rewrote the application to fit

the criteria of a petition for writ of mandamus, rather than the

standard petition for writ of certiorari.

iv.  Since a petition for writ of mandamus can instruct a

government entity to take a certain action, Scott believed she

understood the rationale behind the court's instruction,

employed under FRAP Rule 2 and/or the 11th Circuit Rule 1-2,

to file the application as petition for writ of certiorari rather

than a petition for writ of mandamus.

> A (writ of) mandamus is an order from a court to an
> inferior government official ordering the government
> official to properly fulfill their official duties or correct
> an abuse of discretion. See *Cheney v. United States Dist.*
> *Court For D.C. (2004)*

According to the U.S. Department of Justice:

> Mandamus is an extraordinary remedy, which should
> only be used in exceptional circumstances of peculiar
> emergency or public importance. See *Department of*
> *Justice, Justice Manual, Civil Resource Manual, 215.*
> *Mandamus; LaBuy v. McGarr,* 461 F.2d 1(7th Cir. 1972)

> Mandamus does not supersede other remedies; it only
> comes into play when there is a want of such remedies.
> See *Carter v. Seamans,* 411 F.2d 767 (5th Cir. 1969), cert.
> Denied, 397 U.S. 941 (1970).

The power of a district court to compel official action by mandatory order is limited to the enforcement of nondiscretionary, plainly defined, and purely ministerial duties. See *Decatur v. Paulding,* 39 U.S. (1 Pet.) 496, 514-17 (1840); *Work v. Rives,* 267 U.S. 175, 177 (1925); *Wilbur v. United States,* 281 U.S. 206, 218 (1930).

1. An official action is not ministerial unless "the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command." *Wilbur v. United States,* supra; See *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931); *ICC v. New York, N.H. & H.R. Co.*, 287 U.S. 178, 204 (1932); *United States ex rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 544 (1937); *Will v. United States,* 389 U.S. 90 (1967); *Donnelly v. Parker,* 486 F.2d 402 (D.C. Cir. 1973).

43. It was not 'frivolous' for Scott to follow the instructions that she believed came from Justice Thomas: the justice to whom she filed the application. Rather, it was standard protocol and the instruction to resubmit the application as a mandamus instead of a certiorari appeared on its face to be reasonable as it related to the case, the requests Scott sought, and the authority and criteria relating to what a justice can do in granting a mandamus.

44. If the clerk erred by instructing Scott to follow-up her application with a mandamus, instead of a certiorari, Scott can rewrite the petition to fit the criteria of a certiorari.

45. Either way, Scott did not err in following the instructions laid out to her by the clerk, presumably on behalf of Circuit Justice Thomas.

46. Scott cannot be placed at fault for an error or wrongdoing of a clerk or a judge.

47. It is not 'frivolous' for Scott to reconstruct an application into a petition for writ of mandamus if the clerk instructs her to do so, presumably under the guidance of Circuit Justice Thomas. Rather, it is mandatory.

## C. SCOTT PROPERLY FILED A MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, PER 28 U.S. CODE SECTION 1915(A) BASED ON HER FINANCIAL STATUS AND IN ACCORDANCE TO HER CONSTITUTIONAL RIGHT TO ACCESS THE COURT

48. Scott is indigent.

49. Scott properly filed a motion for leave to proceed in forma pauperis.

50. Scott has a right to file without being charged a fee, due to her indigent status.

51. Judge Jordan does not have the authority, in this instant case, to deny Scott's motion to proceed in forma pauperis because he is without jurisdiction to preside in this instant case.

A judge may not proceed where he does not have authority (see *U.S. v. Will; Cohens v. Virginia; Elliot v. Piersol*)

52. *Even if* Judge Jordan had had the authority to rule in the case, which he did not, Scott's filing is not 'frivolous' and, in such, her IFP could not be denied.

53. Scott does not believe this court, or any court, has the right to penalize a pro se litigant in such a manner as to block her from filing, but that is exactly what Judge Jordan is attempting to do by using Scott's indigent status as a weapon against her.

    *a.* Scott believes the 14th Amendment protects her socioeconomic standing from being discriminated against because to *steal* her right to file by discriminating (i.e. targeting) against her status as an indigent blocks her equal access to the courts, and in such a fair trial, and in such due process, and in this particular case that means her right to petition for redress of grievances relating to her right to a fair, honest and accurate election and in such her right to be governed by elected, not 'selected' officials.

        i. It would be the equivalent of charging a person of means more money than they had access to in an attempt to ensure they could not file or proceed with a case; such an attempt is what corrupt governments and caste system societies do, not free and open societies that are based on equality of all individuals; the

United States is based on the latter and, in such, protected and secured by the United States Constitution.

ii.  Neither this court, nor any other court has the right to block Scott's access to the court system by using her socioeconomic standing against her.

b.  *If* Judge Jordan's void order were to go unanswered by Scott, it could conceivably be used against her, as if a legitimate order, even though it has no validity whether Scott responds to the fraudulent order or not.

c.  But Judge Jordan, who has *no* jurisdiction or authority in this case, could conceivably act off his previously and illegally filed false allegations in the void order he wrote in *this* case, which Scott is currently responding to, by then attempting to put a strike against Scott as a method to block her from filing in the 11th Circuit, which would substantially harm her ability to ever bring another case before the 11th Circuit or within its districts, and which would be a direct attack and assault on her right to access the courts; an act which is in violation of the a judge's oath...or even the oath of a clerk who participated in such constitutional violations of a litigant.

d.  Judicial impartiality is mandatory to ensure a fair trial to all litigants, and protected under Title 28.U.S.C. 455, which would be relevant in this case as it relates to Judge Jordan but is not *merely because* Judge Jordan is attempting to illegally usurp the case from the jurisdiction of the 11th Circuit Justice, which *is* an act of treason according to Supreme Court opinion, as noticed in this filing.

e.  Pro se litigants are often not as informed on the law as seasoned lawyers or judges, which would make it very easy for the rights of a pro se litigant to be removed from her by cunning or clever means instead of by acts of justice or the loss of a legitimately heard case.

> The practice of law is an occupation of common right...(b)ecause of what appears to be a lawful command on the surface, many Citizens, because of their respect for what appears to be law, are cunningly coerced into waiving their rights due to ignorance. See *Sims v. Aherns,* 271 SW 720 (1925)
>
> (A)n officer may be held liable in damages to any person injured in consequence of a breach of any of the duties connected with his office... The liability for nonfeasance, misfeasance, and for malfeasance in office is in his 'individual', not official capacity... *Redfield v. Fisher,* 292 P 813, at 819 (1930)

f.  Scott fears the motives of Judge Jordan are not without bias against her in an attempt to hurt her ability to due process, a fair trial, an impartial judge and access to the court.

*g.* Scott's Application is not frivolous. It is an emergency matter of
national security based on an active coup currently underway in an
attempt by foreign and domestic enemies of the state trying to
overthrow the government of the United States by way of election
interference in the 2020 and 2022 elections held, in Florida, and
throughout the country. There is *nothing* frivolous about such a filing.

54. By attempting to treat Scott's <u>right</u> to access the court as a *privilege*, Judge
Jordan is violating his oath to uphold the U.S. Constitution by attempting to
deprive Scott of her due process rights and right to access the court.

*a.* A right cannot be turned into a privilege and then used against a
litigant.

> No state shall convert a liberty into a license, and charge a fee
> therefore. *Murdock v. Pennsylvania,* 319 U.S. 105 (1943)

*b.* Just as 'no state shall convert a liberty into a license, and charge a fee'
(see '*Murdock'*, no judge shall deny access to the court by forcing a
fee upon an indigent litigant.

> Where rights secured by the Constitution are involved, there
> can be no rule making or legislation which would abrogate
> them. *Davis v. Wechsler,* 263 U.S. 22, 24 (1923)

**D. NEITHER SCOTT'S APPLICATION TO CIRCUIT JUSTICE THOMAS
NOR THE PETITION FOR WRIT OF MANDAMUS WHICH SHE WAS**

## INSTRUCTED TO WRITE ARE 'FRIVOLOUS' BUT RATHER ARE OF IMPERATIVE PUBLIC IMPORTANCE AND OF AN URGENT MATTER

55. Judge Jordan's accusation that Scott's election fraud case is 'frivolous' is false, meritless and reckless, if not treasonous.

56. If it is possible for a judge's order to be frivolous, then with all due respect, Scott believes Judge Jordan's erroneous and void order is frivolous.

57. Judge Jordan's accusation that Scott's election fraud case is 'frivolous' appears to be a bias attempt by a partial judge aiding domestic and foreign enemies in an attempted coup to overthrow the government, by way of election fraud, in part, by way of interfering with Scott's right to a fair trial while conspiring to conceal the fraud by erroneously blocking the election interference case from being heard.

58. Even if Scott's case was before Judge Jordan, which it is not, the case is based on acts of widespread and rampant election fraud which includes foreign and domestic interference, which is not 'frivolous', but rather constitutes a national security threat emergency deeming the case to be of imperative public importance.

59. Even if Judge Jordan was presiding over this instant case, *which he is not*, 28 U.S. Code s. 1915 (e)(A)(1) does not apply because Scott's application and mandamus are *not* frivolous.

60. On Page 2 of Judge Jordan's void order, he erroneously argues that Scott's 'mandamus petition...is frivolous.'

61. Judge Jordan argues that 'Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F. 3d 999, 1004 (11th Cir. 1997) (quotation omitted)

   *a.* It was the court (or the clerk presumably acting on behalf of the Court, specifically Circuit Justice Thomas since that is to whom the application was addressed giving no other judge or justice and certainly not a clerk jurisdiction over this instant case), not Scott, that turned her application into a mandamus from a certiorari.

   *b.* The court cannot take an action instructing Scott to refile her application as a mandamus, instead of the more commonly filed certiorari, and then accuse Scott of frivolously filing the mandamus when it was by instruction of the court that she rewrote and refiled her application as a petition for writ of mandamus.

      i. It would appear that Judge Jordan (perhaps with the assistance of the clerk) is gaslighting Scott while using his position of trust as a public servant, as a weapon against Scott, *and* every other American who would be affected by the outcome of this case,

by way of his nefarious and unconstitutional interference in
Scott's case.

c.  For the sake of argument, if there was an error by the court, by
instructing Scott to file a mandamus instead of a certiorari, that error
is the fault of the court, not Scott, because it was the court that
specifically instructed Scott to file a mandamus.

d.  Scott cannot be held liable or accountable for accurately filing a
petition for writ of mandamus, when that is precisely what she was
instructed to do by the court, particularly when it appears to be a
rogue judge and/or clerk who made the instruction.

e.  The purpose of instructing Scott to file a particular motion and then
blaming Scott for having filed the motion as instructed, must be
brought under scrutiny, particularly in consideration of the urgent and
severe nature of this case which makes it a drastic situation
demanding immediate attention by Circuit Justice Thomas, *or* if he
*and only he* prefers, the whole of the United States Supreme Court.

f.  For the reasons above, Scott's filing is not, and cannot be, deemed
'frivolous', based on the fact that she filed a mandamus under the
instruction of the court.

62. The widespread election interference that Scott's application and mandamus address is a 'drastic situation' with 'no other adequate means...available to remedy (the) clear usurpation of power (and) abuse of discretion' (see *Jackson v. Motel 6*) as noted by Judge Jordan as he asserted that Scott was claiming that due to '...a conspiracy in the Florida state courts, she "cannot take the traditional route to arrive at the Supreme Court."', which means that it appeared appropriate for Justice Thomas to choose to seek the application be filed as a mandamus, as well as Scott refiling as a mandamus.

> *a.* Unfortunately, the 14 days was not enough time to have to rewrite and restructure the document from a petition for writ of certiorari to a petition for writ of mandamus. The demands of each document are very different, requiring different structures and arguments. When Scott called and asked the clerk if she could get an extension of time, the deputy clerk made it sound unlikely that the motion would be granted, which blocked Scott's ability to finish formatting the Table of Contents, Table of Authorities and proofreading before submitting the final document.

> *b.* Nonetheless, Scott had not planned on filing the case as a mandamus and only did so under the presumed instruction of Circuit Justice Thomas, by way of Clerk Smith.

63. Scott's pleading must be taken as true.

64. In taking Scott's pleading as true, *even if* Judge Jordan had jurisdiction in this case, which he does not, it would be in error and an abuse of discretion to claim *a conspiracy within the court system to suppress election fraud[11]* is frivolous.


**E. SCOTT HAS THE RIGHT TO REQUEST RULES BE SUSPENDED BY THE UNITED STATES COURT OF APPEALS AND/OR THE 11TH CIRCUIT SINCE THAT IS WHERE SHE FILED THE APPLICATION AND SUBSEQUENT PETITION TO CIRCUIT JUSTICE THOMAS AND SINCE BOTH THE FRAP AND 11th CIRCUIT RULES ALLOW FOR SUCH A SUSPENSION OF RULES**

65. Scott's request that FRAP Rule 2 and 11th Circuit Rule 2-1 be implemented in an emergency case of national security based on domestic and foreign interference in state and national elections meant to overthrow the Florida and potentially the United States Government is not frivolous.

66. Generally, an application is either construed as a petition for writ of certiorari or the petitioner is instructed to submit a petition for writ of certiorari.

---

[11] See Doc. 7-2, 'Order of the Court', last line of page 1 and first line of page 2

67. In this instant case, Scott was instructed to file a petition for writ of mandamus.

68. Presumably, the instruction came from the clerk by way of Circuit Justice Thomas (since the clerk holds no judicial authority in its own right), whom it would appear implemented FRAP Rule 2 and/or 11th Circuit Rule 2-1, evidencing that such rules are utilized and, in such Scott's requested use of such rule(s) was not frivolous.

69. Scott's request to allow the court to suspend FRAP Rule 2 and/or 11th Circuit Rule 2-1, if need be, to hear the case based on the severity of the imperative public importance of the case, based on the law and facts relating to the merits of legal theory in the case, was not frivolous, evidenced by this courts own use of the rule(s), on behalf of Circuit Justice Thomas, by instructing Scott to file a mandamus instead of a certiorari.

70. Scott filed a mandamus, instead of a certiorari, by instruction of what she presumed was under Circuit Justice Thomas' legal authority.

71. Scott is indigent, which means it was not frivolous for her to file the mandamus, to *and instructed by* Circuit Justice Thomas, pursuant Title 28 U.S.C. s. 1915(c) which 'provides that a United States court may authorize the commencement of any proceeding, without payment of fees, by a person

who submits an affidavit that includes a statement of assets that she possesses and indicates that she is unable to pay such fees'.

72. Scott filed the requisite *in forma pauperis* form with the 11th Circuit.

73. Since Scott was required by the court, *presumably Circuit Justice Thomas since he and only he had subject-matter jurisdiction and the right to rule in this case,* to file a mandamus, it seems as though the court cannot then turn around and claim such mandamus to be frivolous; in such, Judge Jordan's (who had no authority to rule in the case) claim that Scott's 'mandamus petition...is frivolous' is not only void for the several reasons listed throughout this notice, but also an act of blaming Scott for exactly what he is doing *to* Scott, which is filing frivolously; none of which makes Scott's mandamus frivolous.

74. It would appear likely that Judge Jordan and the 11th Circuit Clerk conspired to set up a scenario by which they could then deem Scott a frivolous filer, with the intention of then blocking her right to access the court; such an act is malicious and unlawful depriving Scott of multiple constitutional rights, as addressed within this pleading.

### F. SCOTT'S REQUEST TO SET ASIDE THE 2020 AND 2022 ELECTIONS IS NOT FRIVOLOUS

75. According to Judge Jordan's erroneous and void order that he had no subject matter jurisdiction over and in such no right to file as if legitimate and with legal effect, asserts that '(m)andamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion."' See *Jackson v. Motel.*

76. Judge Jordan appears to frivolously and erroneously assert that Scott's claim - that there was election interference in all 67 counties within Florida as well as nationwide, by enemies of the state both domestic and foreign, in an attempted coup to overthrow the Florida and U.S. government, which she backed up with submitted hard evidence *on the record* – is not a 'drastic situation' based on a 'clear usurpation of power (and) abuse of discretion', which appears to be no more than a conspiratorial attempt by Judge Jordan to aid in concealing the election interference and blocking a remedy of the attempted overthrow of government[12], which is conspiring to levy war against the government and adhering to the enemy, which are considered acts of treason (*see* Title 18 U.S.C. s. 2381; *see* Fla. Stat. 876.32).

---

[12] Both the government of the United States and the government of Florida

77. When considering *'Cheney',* it would appear that Judge Jordan has taken *In re Smith*[13] out of context, erroneously misconstruing and/or asserting that Scott cannot request that the Circuit Justice Thomas order a government official *other than 'to confine an interior court'* to exercise a ministerial action.

> A (writ of) mandamus is an order from a court to an inferior government official ordering the government official to properly fulfill their official duties or correct an abuse of discretion. See *Cheney v. United States Dist. Court For D.C. (2004)*

78. Scott's application to Circuit Justice Thomas from which this Court instructed Scott to submit a mandamus to perform ministerial duties; in such, was not frivolous.

   *a.* It is noted that armed with the information and facts that Scott has documented in her filings relating to this instant case, it could be construed as a misprision of treason if she did not come forward with the claims – facts that Scott had repeatedly attempted to turn over to various law enforcement entities to no avail. See Title 18 U.S. Code s. 2382 – Misprision of treason; and Fla. Stat. 876.33 Misprision of treason.

---

[13] See Doc 7-2, bottom of Page 2 and top of Page 3

79. As Judge Jordan asserts on Page 2 of his erroneous and void order, "(Scott)...requests...the 2020 and 2022 elections be set aside".

   a. Scott believes Circuit Justice Thomas has the authority to instruct Congress, Governor DeSantis, as well as each governor of every other state and territory, and/or state legislators to set aside an election; in such, Scott's request that the election be set aside and held anew was appropriate, not frivolous.

80. The survival of the country is not frivolous; without fair, honest and accurate elections our country and our freedom do not survive.

81. Scott had a duty to file the application and a right and responsibility to file the subsequent mandamus for the reasons presented throughout this notice.

82. Scott's right to access the courts, to a fair trial, to due process and to ensure an honest, fair and accurate election dictated that her application and subsequent mandamus (as instructed by the clerk presumably on behalf of Circuit Justice Thomas) when no other option was available was necessary, not frivolous, to address the interference of the 2020 and 2022 election cycles both in Florida and, more broadly, nationwide.

83. Scott's application to 11th Circuit Justice Thomas, who holds that authority directly based on his position as an Associate Justice of the United States Supreme Court- an authority that cannot be overlooked or discarded in this

instant case, does not violate the *Rooker-Feldman* doctrine; although it does

emphasize Judge Jordan's lack of subject-matter jurisdiction over the case,

Judge Jordan's assertion otherwise is erroneous and an error of discretion.

84. It appears that Judge Jordan mistakenly considered Scott's petition for writ

of mandamus to be a standalone original mandamus to the Supreme Court,

which it is not. Scott's mandamus in this instant case is titled 'IN RE

CHRISTINE SCOTT, PETITIONER' and subtitled 'DERIVED FROM AN

EMERGENCY APPLICATION ADDRESSED TO THE HONORABLE

SUPREME COURT ASSOCIATE JUSTICE THOMAS WHO PRESIDES

OVER THE ELEVENTH CIRCUIT OF THE UNITED STATES COURT

OF APPEALS...RELATING TO ELECTION INTERFERENCE MEANT

TO UNDERMINE THE NATIONAL AND ECONOMIC SECURITY OF

THE U.S. BY WAY OF AN ONGOING COUP BY FOREIGN AND

DOMESTIC ENEMIES OF THE STATE WHICH IS OF IMPREATIVE

PUBLIC IMPORTAN(CE).

    *a.* Notice that Scott never addressed Judge Jordan as the legitimate judge

       in her case, or any right by any lower court judge to hear the case. Nor

       has Scott ever waived any right to have this case heard by and ruled

       upon by the circuit justice, instead of a clerk or deputy to said clerk.

       Rather, the case was only and specifically directed to Justice Thomas.

*b.* Scott is in agreement with Judge Jordan (and, by circumstance, '*Lance v. Dennis*') in that in Judge Jordan's capacity, he does not have subject-matter jurisdiction in this case, but Scott claims Judge Jordan's interference was erroneous on the part of the judge and not related to any action by Scott.

85. All of Scott's 'request(s) for relief'[14] are cognizable in mandamus, and even if not then it was the error of the court to instruct Scott to make the demands via a petition for writ of mandamus instead of a petition for writ of certiorari.

*a.* Justice Thomas has the authority and jurisdiction to order the appropriate government officials, as stated above, to perform their ministerial duties to set aside the 2020 and 2022 election cycles based on election interference as evidenced in Scott's pleadings.[15]

*b.* Justice Thomas can order the Commander in Chief and presumably the individual who previously held the position of president - since the current holder of that position cannot be determined as legitimately elected - a governor of a state, and or in the case of a limited

---

[14] See Doc. 7-2, Page 4, Paragraph 2

[15] See Doc 4-1, Page 103, from Scott's Conclusion in the mandamus 'For the reasons listed throughout this petition, (Justice Thomas) should issue a writ of mandamus to Governor and/or the State of Florida, the President of the United States and/or the United States Congress, and every other state in the nasion to vacate the 2020 and 2022 election results."

emergency a local military commander, to declare martial law, as long as it is within the right of that elected government official to take such actions *because* it is the ministerial duty of the government official to take such action, under their right to govern on behalf of the people based on the U.S. Constitution.

c. Justice Thomas can order the acting president/commander in chief, governors of the state(s) and or a local military commander temporarily put in charge due to hold a new election on November 5, 2024, for all elected [] positions in all states at all levels of government.[16]

d. Justice Thomas can order defendants, each of whom he has jurisdiction over because each worked as a government elected official and/or a government entity with an official position as a government contractor, legitimately or clandestinely, in relation to the 2020 and/or the 2022 election cycles; in such each relevant individual represents a government entity – contractors have a fiduciary duty to the state and in such are considered government entities in their

---

[16] See Doc 4-1, Page 103, from Scott's 'Conclusion' in the mandamus 'An election for the 19th President of the United States and all other elected seats within our nation should be held on Nov. 5, 2024.'; and Doc. 4-1, Page 52, from Scott's Relief Sought; and Doc 7-2, page 2.

dealings on behalf of the government; all election related contractors are therefore considered government contractors and/or entities) involved in the interference with U.S. elections. (ie. China acted as a contractor in the U.S. elections when it allowed one of its country-owned businesses to interfere with U.S. elections by way of manufacturing voting equipment that was used in the 2020 and 2022 election cycles – China has direct and/or indirect contracts with the United States relating to elections, which makes it a contractor, and in such deems it as having a fiduciary duty to the United States, Florida and every other state, and therefore within Justice Thomas' reach by way of ordering a mandamus due to damages suffered at the hand of fiduciary and/or agent; Microsoft knew or should have known its program was used to manipulate votes at a local level, yet did nothing to prevent that from happening – Microsoft has government contracts which makes an agent of the state, and therefore liable for damages which makes it possible for Justice Thomas to issue a mandamus; Canada either knew or should have known that Dominion Voting Systems had no legal authority to operate, and in such influence, U.S. elections and by turning a blind-eye to the illegal actions of a Canadian corporation and relevant citizens who were conspiratorially

attempting to overthrow the United States government, and in such

becomes a liable party itself because it is responsible for the actions of

its citizens and corporations, which makes it a contractor in the 2020

and 2022 Florida and U.S. elections, which gives Justice Thomas the

right to order mandamus against Canada in its role as an election

contractor; BlackRock has substantial ownership in multiple

corporations that nefariously  became involved in the 2020 and 2022

elections by way of becoming contractors, which created a fiduciary

relationship between BlackRock and the federal and state

governments, and in such, creates direct fiduciary relationship with

Scott and every other Floridian and American, because of this bond

BlackRock is liable due to their actions relating to election

interference, based on these government contracts, which gives Justice

Thomas the jurisdiction and authority order the corporation to pay

damages for Scott's injury; the above is a sampling of the whole of the

list of defendants and applies to every defendant because each

operated as a contractor and or agent in the State of Florida and/or

within the United States 2020 and/or 2022 election cycles.)

e. Justice Thomas has the authority to order the new election be 'conducted manually'[17] because Americans has a constitutional right to a fair, honest and accurate election to preserve the republic under which they allow elected officials to govern on their behalf to protect their freedoms, rights and pursuit of happiness; based on the evidence presented by Scott, election fraud was rampant due to the use of electronic equipment. Manual elections, 'without the use of electronics', would eliminate a huge percentage of the election interference such as that perpetrated on Americans during the 2020 and 2022 election cycles. Such a remedy is simple, within the duty of Congress and the legislators, and/or the president/commander-in-chief and the governors, and can be ordered by Justice Thomas to ensure fulfillment of ministerial duties to protect the integrity and accuracy of elections moving forward.

## G. SCOTT'S REQUEST FOR MARTIAL LAW TO BE IMPLEMENTED UNTIL A NEW ELECTION CAN BE HELD IS NOT FRIVOLOUS

86. Judge Jordan asserts that Scott requests that '(1) the 2020 and 2022 elections be set aside; (2) martial law be declared until a new election is

---

[17] See Doc 7-2, Page 2

held; (3) a new election be held on November 5, 2024, for all elected []

positions in all states at all levels of government…"[18]

87. *Even if* Judge Jordan had jurisdiction over this case, which he does not, he

would have erred in asserting it be frivolous to implement martial law when

requesting that the military take over control of the country until officials

can be placed into office, since she is requesting that all officials be removed

from office until a new election is held based on the fact that the officials

were installed by way of election interference rather than by an honest vote

by Floridians and more broadly, the American people; Scott is claiming the

election interference happened not only in every county in Florida, but in

every county throughout the country, with the potential for interference to

have had to ability to touch every race on every ballot.

  a. Scott's argument contains several arguable bases in law and in such is

     not frivolous. (see *Harper v. Showers*)

  b. Scott has shown evidence, filed in the lower court as well as in the

     appendixes of her application, that the results of the 2020 and 2022

     election cycles were achieved by misconduct, fraud and corruption, to

     such a degree that the results of the election in 2020 and 2022 both in

---

[18] See Doc 7-2, Page 2

Florida and throughout the country cannot be verified, which gives

rise to the question of removing officials who we were told 'won'

their respective race, but whom appear likely to have been 'selected'

for the position, rather than elected.

c.  Scott has shown evidence of substantial and widespread election

interference in the 2020 and 2022 election cycles, both foreign and

domestic, which has compromised the composition of our elected

leaders - and whether or not we can trust them to do our bidding and

concern that such nefariously 'selected' officials could be doing the

bidding of domestic and foreign enemies of the state by way of bribes,

extortion and/or blackmail, for which Scott's application. mandamus

and lower court filings have indisputably provided merit-based legal

theories containing arguable bases in law, and in such, cannot be deem

frivolous. (see *Harper v. Showers*)

d.  If the military removes officials throughout the country based on the

fact that such officials were 'selected' rather than elected officials,

then it would be the duty of the military to ensure the country

continues to run smoothly and properly until an election can be held at

which time the people can vote in officials to represent them.

*e.* It would be irresponsible to assume the ill-begotten 'selected' officials could be removed and the country could then be without any officials to act on their behalf.

*f.* Only elected public officers who have legally gained their seats, by vote, have the authority to represent the will of the people. Government employees perform ministerial tasks, but do not make law or govern the people. They merely perform the tasks assigned to them by those the people have elected to represent them. In such, the military is the only way because the military, not administrators, has the authority to ensure our country continues to function legally and properly during times of war, which this is.

*g.* In Scott's pleadings relating to this case, Scott has argued, based on law and fact, that our country is at war and that both Florida and the rest of the states were attacked by foreign and domestic enemies by way of election interference, which demands the military protect us from this invasion, presumably by way of martial law.

### Martial Law

Exists when military authorities carry on government or exercise various degrees of control over civilians or civilian authorities in domestic territory. *Ochikubo v. Bonesteel,* D.C.Cal.,60 F.Supp. 916, 928, 929, 930. Such may exist either in t*ime of war or when civil authority has ceased to function or has become ineffective*. A system of law, obtaining only in time

of actual war and growing out of the exigencies thereof, arbitrary in its character, and depending only on the will of the commander of an army which is established and administered in a place or district of hostile territory held in belligerent possession, or, sometimes, in places of occupied or pervaded by insurgents or mobs, and which suspends all existing civil authority and the ordinary administration of justice.[19]

Martial law involves the temporary substitution of military authority for civilian rule and is usually invoked in time of war, rebellion, or natural disaster... When martial law is in effect, the military commander of an area or country has unlimited authority to make and enforce laws. Martial law is justified when civilian authority has ceased to function, is completely absent, or has become ineffective… U.S. Dept. of Justice, Office of Justice Programs, *Martial Law in Times of Civil Disorder*, Journal: Law and Order Volume 37, Issue 9, Sept. 1989, pgs. 44-47, Author E W Killam

*h.* On numerous occasions, the United States has operated under martial law, which not only examples the request is not frivolous, but rather presents the solution as possible and even relevant.[20]

*i.* In accordance of the purpose of martial law and the severity of Scott's claim that a coup is upon us by way of foreign and domestic enemies interfering with U.S. elections in both 2020 and 2022, Scott's request that the military be put in charge until a new fair, honest and accurate

---

[19] Black's Law Dictionary, 6th edition; emphasis added

[20] Martial law was used during the Battle of New Orleans, during the Great Chicago Fire of 1871, after the 1906 San Francisco earthquake, and during riots, such as the Omaha race riot of 1919 and the 1920 Lexington riots. See *Martial Law in the United States*, Wikipedia

election be held, is appropriate, as is the instruction by Circuit Justice

Thomas that such an request be formatted as a mandamus.

*j.* Scott's request that the military be place in charge temporarily to

protect the national security and economic stability and survival, as

well as the constitutional rights of every American to have their vote

counted is not frivolous, but rather astutely appropriate.

### Frivolous

> Of little weight or importance. A pleading is "frivolous" when it
> is clearly insufficient on its face...A claim or defense is
> frivolous if a proponent can present no rational argument based
> upon the evidence or law in support of that claim or defense.
> *Liebowitz v. Aimexco Inc.,* Colo.App., 701 P.2d 140, 142.

*k.* Scott's application is legally sufficient on its face, as is her petition for

writ of mandamus.

*l.* Scott presented hard evidence in her lower court case, in the

application and in the mandamus making each pleading legally

sufficient on its face.

*m.* Scott presented multiple 'rational argument(s) based upon the

evidence (and/) or law in support of (her) claim(s)' (See *Liebowitz v.

Aimexco, Inc.)* demonstrating that her application and subsequent

mandamus were not frivolous, as alleged by Judge Jordan.

## H. SCOTT'S REQUEST THAT A NEW ELECTION BE HELD DUE TO RAMPANT MISCONDUCT, FRAUD AND CORRUPTION BY FOREIGN AS WELL AS DOMESTIC INTERFERENCE IS NOT FRIVOLOUS

A complaint is "frivolous" if it lacks an arguable basis in law or fact, and a complaint lacks such a basis if it relies on an indisputably meritless legal theory. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999); 28 U.S.C.A. § 1915(e)(2)(B)

88. Scott's pleadings in this case and the lower court presented arguable bases in law and fact relying on merit-based legal theory supporting Scott's request that a new election be held, which means that her request was not frivolous.

89. It would be irresponsible to request that an election be set aside without also asking that a new election be held.

90. Justice Thomas has the jurisdiction and authority to mandate the proper government authorities to hold a new election, as noticed above.

## E. (1) SEEKING PUNITIVE DAMAGES IS NOT 'FRIVOLOUS'; (2) THE AMOUNT SCOTT DEMANDS IS NOT EXCESSIVE BASED ON DAMAGE CAUSED; AND (3) THOSE RESPONDENTS/DEFENDANTS OF WHOM SCOTT REQUESTED DAMAGES HAVE AMPLE FUNDS TO PAY SUCH A DAMAGES AWARD WITHOUT CLAIMING BANKRUPTCY AND THEREBY APPROPRIATE, NOT FRIVOLOUS

91. Scott's demand for punitive damages was properly filed and asserted, in the Leon County Circuit Court case(s) (2020CA2217 and 2022CA2105).

Punitive Damages are available as a remedy if the defendant engages in conduct that is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence amounting to a

wanton disregard for the rights of others. See *W.R. Grace & Company – Conn. v. Waters,* 638 So. 2D 502, 503 (Fla. 1994)

As explained in a comment to the Restatement of Torts, "[s]ince the purpose of punitive damages is not compensation of the plaintiff but punishment of the defendant and deterrence [punitive] damages can be awarded only for conduct for which this remedy is appropriate-which is to say, conduct involving some element of outrage similar to that usually found in crime." See Florida Civil Practice, 2018 ed., Vol. 5, Padovano, West's Florida Practice Series. Restatement. The rule in Florida is consistent with generally recognized tort principles as indicated by the quotation from the Restatement of Torts. See Restatement Second, Torts: s. 908 (1979).

**Punishment and deterrence are the policies underlying punitive damages.** See *Owen-Corning Fiberglas Corp. v. Ballard,* 749 So. 2D 483 (Fla. 1999); *W.R. Grace & Company – Conn. v. Waters, 638* So. 2D 502, 503 (Fla. 1994); *R.J. Reynolds Tobacco Co. v. Townsend,* 90 So. 3D 307 (Fla. 1ˢᵗ DCA 2012); *BDO Seidman, LLP v. Banco Espririto Santo Intern.,* 38 So. 3D 874 (Fla. 3D DCA 2010).

92. Scott had the right to demand punitive damages based on willful, intentional and purposeful fraudulent and malicious actions that deprived her of her constitutional right to fair and honest representation in government based on an honest and fair election of such public officials, which is the right of every American and when not achieved as was the case evidenced and raised by Scott at the lower level court, but rather defendants disregarded Scott's right to a fair vote and fair representation by way of gross negligence amounting to a wanton disregard for her right. See *W.R. Grace & Company*

93. Scott's lower court pleadings (See 2020 & 2022 Leon County cases, filed under Fla. Stat. 102.168: Contest of Election) demonstrate through submitted, and in such, evidence *which is on the record* and would have further proven at trial by an overwhelmingly and mindbogglingly enormous amount of evidence – mainly official government documents, had Scott's right to due process, access to the courts and a trial by jury not been denied her, "**that at the time of injury the defendant had a specific intent to harm the claimant and...that the defendant's conduct did in fact harm the claimant, there shall be no cap on punitive damages**."[21]

94. Based on the assets of the defendants and the intended harm, as well as the harm already caused, the amount demanded is necessary for a punitive result to be felt.

95. If the award is not sufficient to deter the defendants from participating in attempting to overthrow Scott's government, then the suit is futile, and the actions will likely be repeated against Scott and every American.

96. The amount Scott requested is not sufficient to warrant bankruptcy by the defendants, but it is sufficient to punish the defendants, while deterring them or others from attempting to overthrow the Florida and U.S. governments.

---

[21] Fla. Stat. 768.73(1)(c) (2022)

97. Scott believes the amount she demands is necessary and sufficient to punish and deter defendants and others from attempting to overthrow her government by way of election interference from both domestic and foreign entities.

98. It was the 11th Circuit that turned Scott's application based on her lower court case into a mandamus, not Scott, and presumably done under FRAP Rule 2 and/or 11th Circuit Rule 1-2, which was the already in effect for Circuit Justice Thomas to instruct Scott to file a petition for writ of mandamus instead of a petition for writ of certiorari stemming from her application to Justice Thomas; the other theory being the clerk worked with Judge Jordan to usurp this case from Circuit Justice Thomas as a way to aid in the conspiratorial racketeering and treason to overthrow the Florida and United States government.

99. There is *nothing* frivolous about Scott's demand for punitive damages, which she brought forth in the mandamus because she was instructed to do so, by the clerk presumably on behalf of and with the permission of Circuit Justice Thomas, specifically stemming from her lower court demands, and which she believes Circuit Justice Thomas has the right to grant since Scott believes each of those interfering with the U.S. elections in the 2020 and 2022 election cycles could only have done so if they were acting as if

government officials, whether it be an elected official or a person or entity

contracted by the Florida and/or U.S. government.

   *a.* For example, Dominion and ES&S equipment was largely

manufactured in China. China has ownership in the Chinese

company(s) that manufactured the Dominion and ES&S voting

equipment used in the 2020 and 2022 election cycles. In such, China

acted as a contractor or agent, with a fiduciary duty to Florida, the

U.S. and every state within which it operated, based on good faith

practices and otherwise, yet violated that fiduciary duty and trust

when it interfered with U.S. elections while acting as a contractor on

behalf of U.S. elections. In such, Scott is suing China, not as a

country, but as a contractor and/or agent.

   i. At the time Scott filed the 2020 Contest of Election in Florida's

Leon County Court, China's assets amounted to approximately

$14 trillion[22]. Clearly, a few million, or even billion, in punitive

damages would not have been seen as a serious punishment nor

would it have deterred China from such an attack against

---

[22] China's GDP $17.7 trillion (nominal; 2023) $32.9 trillion (PPP; 2023),
Wikipedia, as of Jan. 23, 2024)

Scott's constitutional right to fair representation based on a fair and honest vote, which is every American's right.

ii.   China maliciously and intentionally violated the trust is claimed it deserved when it signed contracts relating to U.S. elections.

iii.   China's actions were fraudulent and acts of war.

iv.   China either knew or should have known that it had no legal authority to interfere with U.S. elections.

v.   China had no right to sign any document or enter into any agreement or otherwise that would enter it into any action involving U.S. elections; that standard goes for any foreign entity or person who involved themselves in any U.S. election, but specifically as it pertains to this case, the 2020 and 2022 election cycles both in Florida and more broadly the United States.

vi.   At the time Scott filed the 2020 Contest of Election in Florida's Leon County Court, BlackRock was valued as having over $9 trillion in assets.

vii.   In consideration of the vast amount of wealth by the multiple defendants, $17 trillion no longer seems like a large sum, but

rather a realistic and necessary sum to ensure punishment and deterrence were achieved.

Notice that every request for relief, by Scott, *is* cognizable in mandamus.

Notice that Justice Thomas has the authority to issue a writ of mandamus to government officials.

Note that it was the Court, not Scott, who instructed Scott to file a mandamus in this case directed to Supreme Court Justice who also sits as the 11th Circuit Justice and that no one other than Justice Thomas within this judiciary has the jurisdiction to act in this case. Notice that the venue can be transferred if Justice Thomas deems it necessary and that such a transfer does not constitute the case frivolous. Scott does not seek for the court itself to act, but rather for the court to order the appropriate government officials to act within their ministerial duties. Scott does not believe this court has the power to act in such a manner on its own, but rather has the authority and jurisdiction to order those with the ministerial duty to take such action as Scott has requested in her 'Relief Sought'. 'Smith' does not appear to be relevant in this case.

Scott is not 'trying to evade the normal requirements for filing petition for a writ of certiorari with the U.S. Supreme Court'. She believes Supreme Court Justice Thomas' position as 11th Circuit Justice in the United States Court of Appeals

allows her to file the application in the 11th Circuit. Further, it should be mentioned that Scott is indigent and while she can logistically file within the 11th Circuit, she is blocked from filing with the Supreme Court because she simply cannot afford to do it. In such, she not only properly filed within the 11th Circuit based on Justice Thomas' standing within the circuit based on his standing as a supreme court justice, but she absolutely had to because otherwise she would have been blocked from filing the case with Justice Thomas, which would have blocked her constitutional right to due process, a fair trial, access to the courts and a fair, honest and accurate election. While Scott agrees that Judge Jordan has no authority to suspend the rules of the U.S. Supreme Court, it is also clear that a Supreme Court Justice has one foot in the Supreme Court and another protruding into the circuit which he oversees. In such, the circuit justice employs his Supreme Court authority every time he agrees to hear an application as the Circuit Justice, since such a jurisdiction is based on his status as Circuit Justice, but a right firmly given to him by Rule 11 of the Supreme Court [23], in such Scott has properly filed her Petition for Writ of Mandamus, as she was instructed to do, and she properly filed it with Circuit Justice Thomas, not Judge Jordan, which makes Judge Jordan's order denying Scott's *In Forma Pauperis* **void** and without affect.

---

[23] See Doc 7-2, Pages 4 and 5

Jan. 25, 2024

Notice filed by Christine Scott
*/ s / Christine Scott*
212 E Hillsboro Blvd. #212
Deerfield Beach, FL 33441
misschristinescott@hotmail.com

Appendix

**APPENDIX 1, RECORD 1 – VOID ORDER DENYING SCOTT'S IFP,
FILED 01/04/23, 5PGS.**

In the

# United States Court of Appeals

### For the Eleventh Circuit

---

No. 23-13411

---

In re: CHRISTINE SCOTT,

Petitioner.

---

On Petition for Writ of Mandamus

---

ORDER:

Christine Scott, proceeding *pro se*, has filed a petition for writ of *certiorari* and a mandamus petition, which this Court construes together as a mandamus petition. She also moves for leave to proceed *in forma pauperis* ("IFP"). Scott alleges election fraud and

2                     Order of the Court              23-13411

states that, because of a conspiracy in the Florida state courts, she "cannot take the traditional route to arrive at the Supreme Court." Therefore, she requests that this Court suspend its own rules and U.S. Supreme Court rules for her petition to be considered. She also requests that this Court order: (1) the 2020 and 2022 elections be set aside; (2) martial law be declared until a new election is held; (3) a new election be held on November 5, 2024, for all elected state positions in all states at all levels of government; (4) she be awarded $17 trillion in damages; and (5) the new election be conducted manually.

Scott seeks to file this mandamus petition IFP pursuant to 28 U.S.C. § 1915(a). Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of assets that she possesses and indicates that she is unable to pay such fees. However, this Court may dismiss an action at any time if it determines that the allegation of poverty is untrue, or the action or appeal is frivolous. 28 U.S.C. § 1915(e)(2). In this case, assuming that Scott can satisfy the indigency requirement, her mandamus petition nevertheless is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). "[A] writ of mandamus may issue only to confine an interior court to a lawful exercise of its prescribed jurisdiction or to compel it to

23-13411             Order of the Court             3

exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (quotation omitted).

The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) (quotation omitted). The *Rooker-Feldman*[1] doctrine is a recognition that federal appellate jurisdiction over state-court judgments is vested only in the Supreme Court. *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see also* 28 U.S.C. 1257(a). This doctrine prevents lower federal courts from exercising subject-matter jurisdiction over cases in which a litigant attempts to appeal a state-court judgment. *Id.*

The Federal Rules of Appellate Procedure govern procedure in the United States courts of appeals. Fed. R. App. P. 1(a)(1). Fed. R. App. P. 2 provides that, "[o]n its own or a party's motion, a court of appeals may – to expedite its decision or for other good cause – suspend any provision of these rules in a particular case and order proceedings as it directs . . . ." Fed. R. App. P. 2(a); *see also* 11th Cir. R. 2-1 (providing that "[i]n lieu of the procedures described in the Eleventh Circuit Rules and Internal Operating Procedures, the

---

[1] The *Rooker-Feldman* doctrine is named for two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4                      Order of the Court              23-13411

court may take such other or different actions as it deems appro-
priate."). Rule 11 of the Supreme Court Rules provides that:

> "[a] petition for a writ of certiorari to review a case
> pending in the United States court of appeals, before
> judgment is entered in that court, will be granted
> only upon a showing that the case is of such impera-
> tive public importance as to justify deviation from
> normal appellate practice and to required immediate
> determination in this Court."

U.S. Sup. Ct. R. 11.

Scott's petition is frivolous because none of her requests for
relief are cognizable in mandamus. To the extent she is requesting
immediate review of her cases in the Florida state courts, this re-
quest is not cognizable because a writ of mandamus by this Court
may issue only to confine an inferior federal court. *Smith*, 926 F.2d
at 1030. Further, as to this request, Scott cannot find relief under
the All Writs Act, because federal appellate jurisdiction over
state-court judgments is vested only in the Supreme Court. 28
U.S.C. 1257(a); *Klay*, 376 F.3d at 1100. As to her requests regarding
the nullification of the 2020 and 2022 elections, the declaration of
martial law, a new election and the logistics of that election, and
damages, these requests are also not cognizable in mandamus be-
cause Scott is asking this Court itself to act, and also asking it to
order non-judicial parties to act, rather than to confine an inferior
federal court. *Smith*, 926 F.2d at 1030. Scott's mandamus petition
is also frivolous to the extent that she is trying to evade the normal
requirements for filing petition for a writ of *certiorari* with the U.S.

23-13411          Order of the Court                    5

Supreme Court. This Court has no authority to suspend the rules of the U.S. Supreme Court or grant *certiorari*. Fed. R. App. P. 1(a)(1), 2; U.S. Sup. Ct. R. 11.

Accordingly, Scott's IFP motion is hereby **DENIED**, as her mandamus petition is frivolous.

_____

UNITED STATES CIRCUIT JUDGE

## APPENDIX 1, RECORD 2 – PETITIONER SCOTT'S APPLICATION TO JUSTICE THOMAS - PAGES 1-7 AND 36-38

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

Christine Scott — PETITIONER

vs.

Ronald DeSantis et al— RESPONDENT(S)

APPLICATION TO ASSOCIATE JUSTICE THOMAS SEEKING REVIEW OF PETITION FOR A WRIT OF CERTIORARI, UNDER SUPREME COURT RULE 11 & 22, FEDERAL RULES OF APPEAL, RULE 2, AND 11TH CIR. R. 2-1

FLORIDA LEON CIRCUIT COURT – CASE STILL OPEN BUT APPEARS CLOSED, WHICH BLOCKS IT FROM MOVING FORWARD OR BEING HEARD

APPLICATION TO ASSOCIATE JUSTICE THOMAS

Christine Scott

212 E Hillsboro Blvd #212

Deerfield Beach, FL 33441

682-230-2002

Christine Scott
212 E. Hillsboro Blvd #212
Deerfield Beach, FL 33441
misschristinescott@hotmail.com
682-230-2002
Aug. 17, 2023

Associate Justice Clarence Thomas
United States Supreme Courthouse
1 First Street NE
Washington, D.C. 20543d

**RE: Emergency Application Regarding Election Fraud Affecting National**

**Security** (Brought under United State Supreme Court Rules 11[1] and 22[2] Federal

Court of Appeals Rule 2[3], and 11th Circuit Rule 2-1.

To the Honorable Clarence Thomas, Associate Justice of the Supreme Court of the

United States and Circuit Justice for the United States Court of Appeals for the

Eleventh Circuit:

Petitioner, pro se litigant[4], Christine Scott (herein known as 'Scott') seeks an order

pursuant to 28 U.S.C. 2101(e), Rules 11 and 22 of the United States Supreme

Court, Rule 2 of the United States Court of Appeals, and Rule 2-1 of the 11th Circuit

to set aside the 2022 General Election and holding it anew. The Leon County

Circuit Court, assisted by the Clerk, have conspired with the First District Court of

Appeals to block the case from moving forward, which is why Scott cannot take

the traditional route to arrive at the Supreme Court.

1  Enclosed a1: United States Supreme Court: Rule 11
2  Enclosed b1: United States Supreme Court: Rule 22
3  Enclosed c1: Federal Court of Appeals: RULE 2 and 11th Circuit Rule 2-1
4  Memorandum of Law Relating to Pro Se Litigant

This case is based on an election plagued by over 3B statutory violations of fraud, by state and county official, where the election machines were either not certified, certifiable or both, where the State's official records claim no registered voter from any party voted, and where candidates certified their own races. This misconduct, fraud and corruption took place in all of Florida's 67 counties. After having moved that the judge disqualify himself[5] due to a repeated and blatant refusal to follow the governing statute, Fla. Stat. 102.168: Contest of Election, which supersedes any court rules of procedure, and which was put in place to ensure election cases could move swiftly through the court system, on May 17, 2023, Scott added necessarily added him.

The State of Florida and our country is currently under attack by both foreign and domestic entities which seek to destroy her on many levels, including but not limited through abuse of the election process, which has been completely overtaken, in Florida, amounting to no less than a coup by traitors from within working with foreign enemies, showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination in this Court. See 28 U.S.C. s. 2101(e) and Rule 11: Certiorari to the United States Court of Appeals Before Judgment.

---

5  Enclosure d1: J. Lee Marsh added to Contest of Election for aiding Defendants in acts of RICO and Treason

To ensure this court can seamlessly move forward in its review of this case which addresses matters of state, ultimately affecting national security, and because the United States Supreme Court is the highest appellate court in the land and capable of hearing the matter without pressure from politicians or other outside influences, Scott requests this court implement FRAP 2. Suspension of Rules which states, "On its own or a party's motion, a court of appeals may – to expedite its decision or for other good cause – suspend any provision of these rules in a particular case and order proceedings as it directs...' and as is described in the 11th Cir. R. 2-1 Court Action, which states that '(i)n lieu of the procedures described in the Eleventh Circuit Rules and Internal Operating Procedures, the court may take such other or different action as it deems appropriate.' To avoid a successful coup and overthrow of both the Florida and national government it is imperative that Justice Thomas review this case which has been caged in and blocked from being hear or moving to a higher court, by the Leon County Circuit Court, as well as the Clerks and Chief Justice of the First District Court of Florida.

The case is open in the Leon County Circuit Court, the Chief Judge went so far as to assign a new judge, but the clerks have refused to show that the case is open, on the docket, and everyone in the judiciary appears to be pretending the case is closed. It looks like the strategy is to stall until after the 2024 election cycle and then to call the case moot. Scott has the right to a fair trial. She has the right to have evidence heard in the case. Her evidence is solid and, if heard, she will win

the case and the People of Florida will rightfully be able to have a new election. Each Floridian has the right to have their vote counted, yet *none* were.

Scott is writing to submit this Emergency Application to the Eleventh Circuit of the United States Supreme Court Justice Clarence Thomas, in her capacity as the plaintiff[6], in the case of *Scott v. DeSantis*[7], in the Leon County Circuit Court, in Florida[8]. Scott understands the Court's obligation and commitment to uphold justice and safeguard her right to a fair and honest election, as well as the rights of all Floridians, and more broadly all Americans, humbly seeking intervention in a matter of great urgency.

In light of the urgency and importance of this matter, Scott respectfully requests that the Court consider this emergency application. The evidence provided within demonstrates a clear violation of Scott's constitutional right to due process, to a fair and honest election the right to a secure nation and the immediate threat to our national security, as well as this matter being of public interest, which has led to a current and ongoing attempted coup to overthrow local, state and federal government, with the goal being to remove Scott's sovereign rights, as well as those of Americans, who have not lost such rights due to becoming an enemy of

---

6 Concerned party = (1) American with constitutional right to fair and honest elections, (2) registered voter in the State of Florida during the 2020 and 2022 election cycles, (3) taxpayer in the State of Florida, (4) Petitioner in Case #2022CA2105.
7 Case #2022CA2105
8 which was unlawfully dismissed before heard on May 18, 2023, in violation of my constitutional right to a fair trial

the state and/or aiding foreign nationals in this malicious, ongoing attempt to overthrow the Florida and US government by way of election fraud, both throughout the State of Florida and throughout the entire country by way of compromised electronic election equipment[9], compromised government officials, employees, contractors and agents. The ramifications of these violations are far-reaching and demand prompt judicial review.

In light of the urgency and importance of this matter, Scott respectfully requests that the Honorable Thomas Clarence, or, if he prefer, the whole of the United States Supreme Court, consider her emergency application. Scott firmly believes that her case meets the criteria, as described in detail below.

The urgency of the situation, the imminent danger for the State of Florida and the United States of America[10], the public interest and the critical constitutional issues at stake necessitate immediate attention from this Honorable Court due to significant interference with the election process, in the 2022 election cycle[11], which has put this country's sovereignty in peril. As an American citizen registered

---

9  Both certified and uncertified for use in the State of Florida

10 Which belongs to the American people, and was never a corporate entity due to the mere fact that no government official had the legal right to turn our country over to any other group, entity, state or sovereign and in attempting to do so committed an act of treason against the American people. The government may not act without the permission of the people. To relinquish control or ownership of the country, or any state, would have necessitated permission by way of a constitutional amendment by the American populace, which was never granted.

11 As well as in the 2020 election cycle, which is briefly addressed in this application. Upon request, further evidence of 2020 election fraud as it related to election equipment can be supplied.

to vote in Florida's Broward County, Scott has a right[12] and a duty[13] to bring this crisis to the attention of the highest court in the land to ensure enemies of the state do not win this war currently being launched against our fine country. In a similar respect, this honorable court has an absolute and immediate duty to address this matter to protect our country from enemy nations wishing to destroy us. Again, it is Scott's *right* to address this matter which personally affects her, and every other American in the State of Florida, and ultimately, the entire country, just as it is the *duty* of this court to address this imminent danger so that our country and sovereigns[14] survive this unconventional attack of war.

### I. Introduction and Background

On Dec. 1, 2022, Scott filed a Contest of Election, in Florida's Leon County Circuit Court[15], which addresses misconduct, fraud and corruption[16] relating to the 2022

---

12 FLORIDA CONSTITUTION, ARTICLE 6, SECTION 2.   Electors. — Only a citizen of the United States who is at least eighteen years of age and who is a permanent resident of the state, if registered as provided by law, shall be an elector of the county where registered.

13 FLORIDA CONSTITUTION, ARTICLE 6, SECTION 3.   Oath. —Each eligible citizen upon registering shall subscribe the following: "I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the State of Florida, and that I am qualified to register as an elector under the Constitution and laws of the State of Florida."

14 We the People

15 See Fla. Stat. 102.168: Contest of Election

16 See Fla. Stat. 102.168(3): The grounds for contesting an election under this section are: (a) Misconduct, fraud, or corruption on the part of any election official or any member of the canvassing board sufficient to change or place in doubt the result of the election. (b) Ineligibility of the successful candidate for the nomination or office in dispute. (c) Receipt of a number of illegal votes or rejection of a number of legal votes sufficient to change or place in doubt the result of the election. (d) Proof that any elector, election official, or canvassing board member was given or offered a bribe or reward in money, property, or any other thing of value for the purpose of procuring the successful candidate's

This is an election case of imperative public importance because it deals with returning the right of the vote to be counted for each Floridian, as no votes were counted during the 2022 General Election cycle, as well as halting an on-going coup and attempt at overthrowing the government, in Florida, and more broadly in the United States, as well as removing the freedoms of Americans and replacing it with a slave system owned and dictated by a group of elites. It is of imperative public importance that Americans remain living in a free county, in a Republic.

## VIII. Conclusion

It is of imperative public interest that this court review and decide this case due to the urgency of resolving matters relating to Florida's fraudulently altered 2022 General elections, the current attempt at a coup to overthrow Florida's government, helmed by Governor DeSantis, and more broadly, it is a war against We the People to overthrow the US government. The fact that China manufactured and partially owns Dominion taints each of machine stemming from China, specifically due to its active war doctrine against the US, which includes non-traditional warfare such as elections and the use of bio-weapons.

Scott's personal filings have discovered and proven that Florida's judiciary can be used to prevent a valid election case from being hear. Cases, in Florida, are funneled to compromised judges and blocked by bought and/or anti-American clerks who have the intention of overthrowing the government. This case is too

vital to nation security and imperative important to the public to allow a lower court to hear it. It must be determined either by Justice Clarence, or if he prefers, the Supreme Court as a whole due to the integrity of the United States Supreme Court, to ensure Scott receives a fair trial. This case does not represent Scott alone. It represents every single American, as each of us deserves an honest or fair election and representation.

The arguments and evidence in this application barely touches the surface of the state and county violations that were made against Florida's Election Code, which, as shown above accumulatively total 3,822,709,781 against votes cast throughout the state.

For the 3B+ reasons[90] - via the various ways described throughout this application - Scott has shown that the 2022 General Election must be set aside and held anew, in Florida, due to the 1) substantial non-compliance with statutory requirements, 2) sufficient to change or place in doubt the results of Florida's 2022 General Election.

The election should be set aside because this court has been given the evidence, taken from the official results from the 2022 General Election, at a state, county and precinct-level, that there were more than 3.8B separate violations of election

---

90 Which is the just the tip of the iceberg

fraud that occurred, in Florida, to determine by fact that reasonable doubt exists as to whether Florida's certified election expressed the will of the voters, which it did not.

> An election should be set aside if a court finds substantial non-compliance with a statutory election procedure and also makes a factual determination that reasonable doubt exists as to whether a certified election expressed the will of the voters. *Kinney v. Putnam County Canvassing Board by and through Harris*, 253 So. 3d 1254 (Fla. 5[th] DCA 2018)

Scott's request of this court is that it set aside Florida's 2022 General Election and hold it anew, on one day[91], using paper ballots[92], counted without interruption at a precinct-level until all ballots have been counted, with public observation – no Vote-By-Mail or Early Voting, just one day, as stated above, in an attempt to secure the election from misconduct, fraud and corruption.

Sincerely,

/s/Christine Scott
Christine Scott

---

91 The day of the election
92 Voting on ADA devices is voting by machine, not by paper ballot. The machines spit out a receipt, which is not the same as a ballot. Alterations can be made when voting is done by device which leaves elections vulnerable to widespread fraud.

# APPENDIX 1, RECORD 3 – LETTER TO CHRISTINE SCOTT FROM THE LETTER HEAD OF DAVID J. SMITH, CLERK OF COURT, UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, 2 PAGES

### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 23, 2023

Christine Scott
212 E HILLSBORO BLVD STE 212
DEERFIELD BEACH, FL 33441

Appeal Number:  23-13411-H
Case Style:  In re: Christine Scott
District Court Docket No:  2022-CA-002105

Your petition for a writ of mandamus has been filed, but will not be considered or acted upon by the Court pending correction of the deficiency or deficiencies listed below:

Length Limits
FRAP 21(d) provides that, excluding the accompanying documents required by FRAP 21(a)(2)(C), a petition produced using a computer must not exceed 7,800 words and a handwritten or typewritten petition must not exceed 30 pages. Your petition exceeds the length limits. Pursuant to 11th Cir. R. 42-1(b), your petition will be dismissed without further notice unless you file a corrected petition that complies with FRAP 21(d)'s length limits within 14 days after the date of this letter.

Certificate of Interested Persons and Corporate Disclosure Statement ("CIP")
Every motion, petition, brief, answer, response, and reply must contain a CIP. See FRAP 26.1; 11th Cir. R. 26.1-1. In addition:

- Appellants/Petitioners must file a CIP within 14 days after this letter's date.
- Appellees/Respondents/Intervenors/Other Parties must file a CIP within 28 days after this letter's date, regardless of whether Appellants/Petitioners have filed a CIP.
- Only parties represented by counsel must complete the web-based CIP. Counsel must complete the web-based CIP, through the Web-Based CIP link on the Court's website, on the same day the CIP is first filed.

The failure to comply with 11th Cir. Rules 26.1-1 through 26.1-4 may result in dismissal of the case or appeal under 11th Cir. R. 42-1(b), no action taken on deficient documents, or other sanctions on counsel, the party, or both. See 11th Cir. R. 26.1-5(c).

Obligation to Notify Court of Change of Addresses

Each pro se party and attorney has a continuing obligation to notify this Court of any changes to the party's or attorney's addresses during the pendency of the case. See 11th Cir. R. 25-7.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

PRO-2B Mandamus deficiency letter